UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY KENNEY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. 10-CV-0173-CVE-FHM |
| | ) |
| FAULKNER COUNTY CIRCUIT COURT, ARKANSAS, | ) |
| | ) |
|       Defendant. | ) |

**OPINION AND ORDER**

This matter comes on for consideration of plaintiff's complaint (Dkt. # 2) and Application to proceed in district court without prepaying fees or costs (Dkt. # 3). In reliance upon the representations and information set forth in plaintiff's motion to proceed in forma pauperis and supporting affidavit (Dkt. # 3), the Court finds that the motion should be granted. Plaintiff is entitled to file and maintain this action to conclusion without prepayment of fees and costs.

Plaintiff's complaint is a one-page, handwritten document. Construing plaintiff's complaint broadly, it appears that plaintiff is claiming that an Arkansas state court refused to expunge or seal records of a criminal conviction. On the face of the complaint, it is apparent that plaintiff is attempting to sue an Arkansas state court. Under the Eleventh Amendment to the United States Constitution, states and state agencies that qualify as arms of the State generally possess sovereign immunity from suit in federal court. See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 616 (2002) ("The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States and by its own citizens as well"); Steadfast Ins. Co. v. Agricultural Ins. Co., 507 F.3d 1250, 1252-53 (10th Cir. 2007). This immunity applies to a State entity whether a

plaintiff seeks declaratory, injunctive, or monetary relief. See Fed. Mar. Comm'n v. South Carolina State Ports Auth., 535 U.S. 743, 765 (2002). The Supreme Court has recognized two instances in which an individual may sue a state: (1) where the suit is authorized by Congress, and (2) where a State voluntarily waives its sovereign immunity. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999). Sovereign immunity is a limitation on the Court's subject matter jurisdiction and the Court must address this issue even if not raised by the parties. Clymore v. United States, 415 F.3d 1113 (10th Cir. 2005). State courts are treated as an arm of the state, and plaintiff's claim against the Faulkner County Court is barred by the Eleventh Amendment. Thus, the court lacks subject matter jurisdiction over this case.

Even if the Court had subject matter jurisdiction over this case, the Court has reviewed plaintiff's complaint, and finds that he has not stated a claim. In considering dismissal under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. Dismissal under Rule 12(b)(6) is proper when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). A sua sponte dismissal is proper under Rule 12(b)(6) when "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292

F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's complaint does not allege any factual basis for his claims and, regardless of plaintiff's pro se status, the Court cannot permit plaintiff to proceed if there is no set of facts in support of his claim that would entitle him to relief. Broadly construing the allegations of plaintiff's complaint, the Court finds the complaint does not state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs (Dkt. # 3) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed** for lack of subject matter jurisdiction and failure to state a claim. A separate judgment of dismissal is entered herewith.

**DATED** this 24th day of March, 2010.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT